IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Craig R. Myers,                       Case No.: 3:19CV2564

        Plaintiff,

      v.                              **OPINION AND ORDER**

Wood County, Ohio,

        Defendant.

Pro se plaintiff Craig R. Myers, a state prisoner, sues Wood County, Ohio for damages under 42 U.S.C. § 1983 on the basis the County "has a policy and practice of setting excessive bail for pretrial detainees." (Doc. No. 1 at ¶ 1). Plaintiff is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in State v. Myers, Wood County Court of Common Pleas Case No. 2011-CR-0364[1]. He alleges that in October 2012, he received an excessive bail determination ($200,000) in his case, after bail previously set for him at $50,000 was revoked. (Id. at 2-3, ¶¶ 13-15.) He contends that the October 2012 bail determination resulted in his pretrial detention in county jail, violating his constitutional rights.

The plaintiff has been granted leave to proceed *in forma pauperis*. Accordingly, his complaint is now before the court for initial screening under 28 U.S.C. § 1915(e)(2)(B). That statute requires district courts to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive

---

[1] On May 10, 2013, a Wood County jury found the plaintiff guilty of one count of abduction and one count of felonious assault. He was sentenced on July 8, 2013, to an aggregate term of eight years of imprisonment.

a dismissal for failure to state claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

The plaintiff's complaint, even liberally construed, fails to state a plausible § 1983 claim.

To hold a county government liable under § 1983, a plaintiff must show that an official policy, custom, or practice of the county itself violated his federal rights. *Fields v. Henry County, Tenn.*, 701 F.3d 180, 183 (6th Cir. 2012). The plaintiff "must 'identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy.'" *Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) (quoting in part *Garner v. Memphis Police Dep't.,* 8 F.3d 358, 364 (6th Cir. 1993)).

The plaintiff does not allege facts plausibly suggesting that a policy, custom, or practice of Wood County caused the constitutional violations he alleges in connection with his bail. He does not allege facts identifying a specific county policy, custom, or practice that was applied or used in deciding his bail. The docket in his criminal case indicates that the judge revoked his bond, and imposed the bond he now contends was excessive, after hearing evidence on a motion by the prosecutor to revoke his bond on the basis of criminal offenses he committed. The individualized bond/bail determinations made by the judge in the plaintiff's criminal case do not demonstrate that an official policy, custom, or practice of Wood County led to the constitutional violations of which he complains. See, *e.g., Brown v. City of Franklin*, No. 3: 16 CV 1342, 2016 WL 6948363, at * 5-6 (M.D. Tenn. Nov. 28, 2016) (holding that a plaintiff failed to allege a § 1983 claim against a

county in connection with her bail where she did not identify a county policy or custom, or allege facts suggesting that the county actually set her bail).

Further, any § 1983 claims the plaintiff purports to allege against the County are plainly time-barred. See *Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. 1998) (sua sponte dismissal of an *in forma pauperis* complaint is appropriate where the complaint on its face demonstrates an affirmative defense such as the statute of limitations). The statute of limitations for § 1983 actions arising in Ohio is the limitations statute applicable for bodily injury, which requires that an action to be filed within two years after its accrual. *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). Any claim the plaintiff had in connection with his 2012 bail determination and/or his allegedly unlawful resulting pretrial detention accrued in 2012 (or, at the latest in 2013, when he was convicted and sentenced on the charged crimes), well more than two years before he filed this action in November 2019. Therefore, his complaint is subject to sua sponte dismissal on the basis of the statute of limitations.

## CONCLUSION

Based on the foregoing, it is ordered that the plaintiff's complaint is dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge